NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-4526 and 11-4527
_____

EDDIE LESTER; SHARON LESTER;
GILBERT VAZQUEZ; MADELINE VAZQUEZ;
ARTHUR LUCKY; ANGELA ROMANO-LUCKY

v.

GENE P. PERCUDANI; CHASE MANHATTAN MORTGAGE CORPORATION;
CHAPEL CREEK HOMES, INC.; RAINTREE HOMES, INC.;
CHAPEL CREEK MORTGAGE BANKER, INC.;
DOMINICK P. STRANIERI; WILLIAM SPANER;

Gene P. Percudani; Chapel Creek Homes, Inc.;
Raintree Homes, Inc.; Chapel Creek Mortgage Banker, Inc.;
*Homes by Vintage, Inc.; * Y-Rent, Inc.,
Appellants No. 11-4526

* (Pursuant to F.R.A.P. 12(a))
_____

PABLO ACRE; IVETTE ACRE; RICHARD ALTENOR;
ROBIN ALTENOR; KEVIN ANDERSON; KIMBERLY ANDERSON;
JOY ARCIA; FRANCIS ASHUN; DIANE ASHUN; MICHAEL BARNWELL;
BURNETTE BARNWELL; FLOYD BENNETT; BARBARA BELLARDINO;
LEROY BLOUNT; ELEANORE MCCORMICK-BLOUNT; STANLEY BOOTS;
TERRY BURDICK; FLORD ALIZA BURDICK; PEDRO CABAN;
OLGA CABAN WILLIAM CATALANO; DENISE CATALANO;
JOHN CHAMPION; GERALDINE CHAMPION; JAY COLON;
DAISY COLON; FRANCIS CORCHADO; MARISOL CORCHADO;
MILTA CORNELIO; DAMARIE COTTO; VALERIE BRACERO;
JAMES DAVIS; YOLANDA DAVIS EVA WRIGHT;
JAMES DEMAREST; KAREN DEMAREST; LOUISE DEVAUX;
AMBROSE DEVAUX; VINCENT DEZONIE; MICHELLE DEZONIE;
LUIS DOMENECH; AMALIA DOMENECH; LOUIS GARBARINO;
ADRIENE GARBARINO; ESTELLE GIBSON; JUDITH MAUPIN;

LUIS GONZALEZ; GRACE GONZALEZ; ROBERT GONZALEZ;
GLENDA GONZALEZ; LYNNE GRIFFIN; RODNEY HAILEY;
CAROLYN HAILEY; RUTH R. HALLMOND; ODELL HARRISON;
STACY HARRISON; CHRISTOPHER HENDRICKS;
TANIA MONTGOMERY-HENDRICKS; ROBERT HERCULES;
FRAN HERCULES; RICHARDEAN HINDS; EARL HINDS;
DONALD HOLMES; NIDIA HOLMES; WILLIE LITTLE, JR.;
BARBARA HOWARD-LITTLE; FRANNIE M. HOWELL;
PETER HUNT; JANN JACKSON; ROBERT JOHNSON;
SYLVIA JOHNSON; BRENDA KEIZER; GAIL KELLMAN;
ANGELA KELLMAN; JEFFREY KRISIAK; MIRIAM KRISIAK;
BRYANT LEE; VANESSA LEE; BERNARD LEWIS;
MERLYN LEWIS; ANTHONY LEY; DONALD LUTON;
VALERIE LUTON; JOSEPH MAHANA; GRACE MAHAMA;
TROY MCMILLAN; DINA MCMILLAN; LIONEL MENDEZ;
ELAINE MYRIE; RICHARD NEGRON; MARY NEGRON;
ROBERT C. NICHOLS, IV; ROBYN ODITA; LAWRENCE PETERSON;
ELISSA PETERSON; CARLOS RIVERA; PRISCILLA RIVERA;
EDWARD RIVERA; CHARLES STANLEY; EFRAN RAMIREZ;
LETICIA RIVERA-RAMIREZ; MYRON ROBERTS;
CHEQUETTA ROBERTS; ALFRESO RODRIGUEZ; GAIL GAVIN;
MARIE RUFFIN; DANNY RUIZ; YVETTE RUIZ; GLORIA RUIZ;
ANTHONY SANCHEZ; EVELYN SANCHEZ; JULIA SANCHEZ;
NORBERTO SERRANO; LYDIA ALVAREZ; JEFFREY SHUTES;
PAMELA HARRISON; WILLIAM SPINNER; DIANA STANLEY;
NORRIS TEEL; SANDRO TERRANA; TRACEY TERRANA;
CAROL THOMPSON; DWAYNE THOMPSON; CARLSON THOMPSON;
ANGELA THOMPSON; GERALD THOMPSON; ELIZABETH THOMPSON;
SHARON WARBURTON; PAUL WARZYNSKI; LAURA WARZYNSKI;
SCARLETT WEST; BERNICE WILLIAMS; JOAN WILLIAMS-AIKENS;
CAMILLE WILLIAMS; JOHN WILLIAMS, III; SHEILA WILLIAMS, III;
ROSLYN YOUNG; THOMAS ZAPATA; JANELL PEARSON

v.

CHASE MANHATTAN MORTGAGE CORP.;
WILLIAM K. SPANER; DOMINICK P. STRANIERI;
GENE PERCUDANI; CHAPEL CREEK HOMES, INC.;
RAINTREE HOMES, INC.; HOMES BY VINTAGE, INC.;
Y-RENT, INC.; CHAPEL CREEK MORTGAGE BANKER, INC.

2

Gene Percudani; Chapel Creek Homes, Inc.;
Raintree Homes, Inc.; Homes by Vintage, Inc.;
Y-Rent, Inc.; Chapel Creek Mortgage Banker, Inc.,
Appellants No. 11-4527

_____

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 3-01-cv-01182 and 1-04-cv-00832)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed:  January 22, 2013)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendants appeal the District Court's enforcement of the Settlement Agreement between the parties.  For the reasons discussed below, we will affirm in part, and vacate in part, and remand for further proceedings.

I.

Because we write solely for the parties, we recount only those facts necessary to our disposition.  In November 2008, at the direction of the District Court, Plaintiffs/Appellees entered mediation with Defendants/Appellants and other defendants.  In February 2009, the parties orally agreed to a settlement agreement.  Based on their

understanding of the agreement, Plaintiffs' counsel began collecting written releases from plaintiffs of their claims against Defendants (the "pre-Settlement release").

The parties executed a written settlement agreement on September 3, 2010 (the "Settlement Agreement"). The Settlement Agreement required Plaintiffs' counsel to provide Defendants with "an executed release, approved by these parties, to be signed by each Plaintiff, or in the case of plaintiff's [sic] who filed bankruptcy, an order approving settlement signed by the bankruptcy court judge, where applicable." In exchange, the Defendants were to pay Plaintiffs' counsel $300,000.00, which represented "payment of attorneys fees and costs towards plaintiffs' counsels' fees and costs associated with the prosecution of the cases. . . ."

Defendants claim that after the Settlement Agreement was executed, the parties negotiated and agreed upon the form of the release (the "approved release"). Plaintiffs disagree that there was an agreed upon release and argue that they only had to provide Defendants with a general release of plaintiffs' claims. As such, Plaintiffs' counsel did not use the approved release, but continued using the pre-Settlement release. This release is identical to the approved release except it includes two additional sentences that state: "In return for this release I will be provided a pro rata share of the $300,000.00 settlement. My attorneys' fees and other case costs will be deducted out of that pro rata share of the $300,000.00 settlement." Similar language was also included in the bankruptcy orders that plaintiffs who filed for bankruptcy were required to procure.

Because of this language, Defendants refused to release the settlement money, claiming that the intent of the Settlement Agreement was to pay plaintiffs' counsel their

4

attorneys' fees and costs and that distributing the money to plaintiffs would be contrary to that express purpose. In addition, Defendants asserted that they had not received all the required releases and bankruptcy orders. In response, Plaintiffs filed a motion to enforce the Settlement Agreement, arguing that nothing in the agreement prevented Plaintiffs' counsel from distributing the settlement money to plaintiffs and that they provided all the required releases and bankruptcy orders to Defendants. Defendants then filed a cross-motion to enforce the Settlement Agreement based on their understanding of the agreement.

The District Court ruled in favor of Plaintiffs, holding that (1) the Settlement Agreement did not limit how Plaintiffs' counsel could distribute the settlement funds; (2) the releases did not violate the terms of the Settlement Agreement; (3) Plaintiffs' failure to use the approved release did not excuse Defendants from complying with the Settlement Agreement; and (4) all the bankruptcy orders and releases had been obtained. Defendants appeal this ruling.

II.[1]

a. The Settlement Agreement

We agree with the District Court's well-reasoned analysis that the Settlement Agreement did not prevent Plaintiffs' counsel from distributing the settlement money to plaintiffs and that Defendants should not be excused from complying with the Settlement

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's construction of the Settlement Agreement *de novo*, but review any factual findings for clear error. *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000).

5

Agreement because the releases and bankruptcy orders that Plaintiffs provided included language that expressed this intent. Thus, we will affirm this aspect of the District Court's order for the reasons outlined in its opinion.

### b. The "Missing" Bankruptcy Orders and Releases

Defendants claim that the District Court erred in concluding that all the releases and bankruptcy orders had been obtained for two reasons. First, Defendants assert that the District Court incorrectly concluded that five plaintiffs had withdrawn from the litigation, and that, as a result, it improperly excused them from providing bankruptcy orders or releases to the Defendants. Second, Defendants argue that the District Court failed to apply the provision in the Settlement Agreement that required plaintiffs who were in bankruptcy to provide Defendants with bankruptcy orders, as opposed to releases. As a result, Defendants contend that the District Court improperly concluded that approximately twenty plaintiffs who were in bankruptcy had complied with the Settlement Agreement even though they provided only releases.[2]

We agree with the District Court that the five plaintiffs at issue withdrew from the litigation, see Case No. 1:04-CV-0832, Docs. 345, 346, 347, 348 and 352, and that as a result, releases and bankruptcy orders were not required for these plaintiffs. Thus, we

---

[2] In their supplemental brief, Defendants suggest for the first time that plaintiffs who filed for bankruptcy were also required to provide releases signed by their respective trustees. See, e.g., Supplemental Appendix 64a ¶ 3. There is nothing in the Settlement Agreement that requires this. Moreover, there is no reason why this requirement would be necessary. The bankruptcy orders leave no room for doubt that the trustees are releasing their claims in exchange for the settlement payout.

will affirm this aspect of the District Court's ruling for the reasons outlined in the District Court's opinion.

We cannot conclude, however, that Plaintiffs provided Defendants with all of the required bankruptcy orders. The Settlement Agreement explicitly states that plaintiffs who filed for bankruptcy were required to provide Defendants with "an order approving settlement signed by the bankruptcy court judge, where applicable." Despite this express requirement, the District Court held, without explanation, that plaintiffs who filed for bankruptcy complied with the Settlement Agreement by providing Defendants with releases. Appendix 71a ("A comparison of defendants [sic] list of *missing bankruptcy orders* with the releases and bankruptcy orders provided to the court by plaintiffs establishes that all *releases* are present." (emphasis added)). We have reviewed the record, including the citations in the District Court's opinion, and the parties' briefs [3], and we cannot determine the basis of the District Court's conclusion, or whether bankruptcy

---

[3] Plaintiffs' only explanation as to why bankruptcy orders were not required for the plaintiffs listed in Appendix 360a is that bankruptcy orders were "not required for individuals whose bankruptcy trustee had understandably abandoned any claim to the relatively small proceeds ($2,093.02)" from the settlement. In footnote 2 of their response brief, Plaintiffs claimed that there are fifteen of these abandoned claims. As support for this contention, Plaintiffs cited to three pages of the docket (App. 3a, 4a, and 41a) and the second page of the District Court's order (App. 60a). We could not determine how these citations shed light on which claims had been abandoned, and requested supplemental briefing on the issue. In their supplemental brief, Plaintiffs identified three claims that have been abandoned and then cited footnote 2 of their response brief. Needless to say, we are now only three claims closer to deducing which of the fifteen claims Plaintiffs are claiming have been abandoned.

orders were required from the plaintiffs that Defendants have identified.[4]   As a result, we will vacate this portion of the District Court's order and remand so that the District Court can make additional findings and/or explain its conclusions as to whether the "missing" bankruptcy orders were required.

III.

For the reasons stated above, we will affirm in part, vacate in part, and remand for further proceedings.

---

[4] We note that because the Settlement Agreement states that bankruptcy orders are necessary for plaintiffs who filed for bankruptcy "where applicable," it is possible that there are plaintiffs who filed for bankruptcy who did not need to provide bankruptcy orders to Defendants.  This analysis, however, is not included in the District Court's opinion or in the parties' briefs.